FILED03 MAY '11 13:58USDC-ORP

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

DAVID L. ANDERSON,

    Plaintiff,

v.

COMMISSIONER of Social Security,

    Defendant.

Civil No. 10-257-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff brings this action seeking judicial review of a decision by the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. He seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

This court has reviewed this case's record and has evaluated the arguments presented. I conclude that this action must be remanded for additional administrative proceedings.

1 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his applications for benefits in November, 2005, alleging disability since January 1, 2004. Plaintiff's application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing, and subsequently issued a decision on December 19, 2008, finding that plaintiff was not disabled. Tr. 4-18.[1] The Appeals Council denied review, rendering the ALJ's conclusions a final decision by the Commissioner for purposes of obtaining this judicial review.

## FACTUAL BACKGROUND

The parties present no substantive challenges to the facts as presented in the record of the case. Details of plaintiff's background and medical history will be reviewed as necessary in this ruling's analysis below.

## STANDARDS

The parties are familiar with the applicable standards required for determining eligibility for disability benefits. A claimant must prove an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ undertook the applicable sequential evaluation process for determining whether plaintiff was eligible for benefits because of disabilities. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Plaintiff's challenges to the ALJ's analysis are addressed below.

---

1   Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2 - OPINION AND ORDER

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Id.*

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since plaintiff's alleged disability onset date. Tr. 9, Finding 2.

At step two, the ALJ found that plaintiff had these severe impairments: affective disorder, non-specific anxiety disorder, and a non-specified personality disorder. Tr. 9, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 11, Finding 4. The ALJ determined that plaintiff had the residual functional capacity (RFC) through the date last insured for benefits to perform a full range of work except he can perform only simple, repetitive tasks with one- to three-steps, could only occasionally have contact with the public, and could only occasionally perform cooperative tasks with co-workers. Tr. 12, Finding 5.

At step four, the ALJ found that plaintiff had no past relevant work. Tr. 16, Finding 6.

At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that plaintiff could perform work existing in significant numbers in the national economy. Tr. 17, Finding 10. Accordingly, the ALJ concluded that plaintiff was not eligible for benefits. Tr. 17-18.

## QUESTION PRESENTED

Plaintiff argues persuasively that the ALJ's evaluation of the opinions of Nancy Cloak, M.D., contains error. Plaintiff also argues that the ALJ erred in assessing the credibility of plaintiff and assessing the lay testimony presented. These assignments of error provide a basis for remanding this action for further administrative proceedings.

## DISCUSSION

### 1. Doctor Cloak's medical opinions

The ALJ acknowledged that he "generally credited reports of mental health evaluators regarding the claimant's mental health conditions," but noted that the RFC assessed for plaintiff was "somewhat less limiting" because plaintiff had "proven his ability to care for himself and his home for the last two years." Tr. 15. The ALJ identified several medical professionals whose

4 - OPINION AND ORDER

opinions he generally credited, including Nancy Cloak, M.D., who "performed a psychiatric evaluation of the claimant [and] diagnosed him with dysthymic disorder, non-specific anxiety disorder and non-specific personality disorder," and Frank Lahman, Ph.D., whose "diagnoses were similar to Dr. Cloak['s]." Tr. 15. Plaintiff also sought treatment in Virginia, and the ALJ noted that in Virginia "Dr. Lakhani diagnosed the claimant with recurrent major depressive disorder, personality disorder and general anxiety disorder." Tr. 16.

The ALJ evaluated Dr. Cloak's opinions briefly, recognizing that "she opined the claimant was capable of performing work with simple repetitive tasks. She further noted the claimant would likely continue to have difficulties interacting with coworkers and supervisors due to his personality disorder." Tr. 15 (citation omitted). This evaluation was derived from Dr. Cloak's report, in which the doctor wrote:

> Even in a structured situation, [plaintiff] had some difficulties with understanding and remembering instructions and with sustaining concentration and attention. He also has some difficulties with short-term memory. However, he should be able to perform simple and repetitive tasks without much difficulty, and may be able to perform more complex and detailed tasks, given supervision and practice.
>
> From his history, it sounded like the primary difficulty interfering with work has been related to his personality disorder, rather than the cognitive issues identified above. He is likely to continue to have difficulties interacting with coworkers and supervisors and his poor hygiene would be a problem in most work situations, as well.

Tr. 219.

The ALJ construed this medical opinion as supporting "a finding of a residual functional capacity with limitations including restrictions to simple tasks, occasional contact with the public and occasional cooperative tasks with co-workers." Tr. 15. In accordance with this analysis, the ALJ concluded that plaintiff can perform a full range of work at all exertional levels, but suffers

5  - OPINION AND ORDER

the following nonexertional limitations: plaintiff "can only perform simple repetitive tasks with one to three steps; the claimant can only occasionally have contact with the public; and the claimant can only occasionally perform cooperative tasks with co-workers." Tr. 12.

Plaintiff argues that this scope of nonexertional limitations omits without explanation the functional limitation plaintiff suffers in dealing with supervisors. In other words, Dr. Cloak's specific opinion that plaintiff "is likely to continue to have difficulties interacting with coworkers and supervisors," Tr. 219, is ignored in the ALJ's assessment of plaintiff's RFC, which required "only occasional cooperative tasks with co-workers." Tr. 12. Plaintiff argues that the ALJ erred by failing to explain or justify this omission.

Defendant responds that Dr. Cloak's concern for the likelihood that plaintiff will continue to have difficulties with supervisors should be construed as having been mitigated by the doctor's opinion – offered in the same report – that plaintiff "should be able to perform simple and repetitive tasks without much difficulty, and may be able to perform more complex and detailed tasks, given supervision and practice." Response at 7-8 (quoting Tr. 219).

This court agrees that contradictions arise in the possible interpretations of Dr. Cloak's report. However, defendant's argument that the ALJ's omission of Dr. Cloak's opinion about plaintiff's continued difficulties with supervisors can be reconciled with the doctor's observation that plaintiff might be capable of "more complex" tasks if given supervision, is rejected. The ALJ's assessment of plaintiff's RFC is inconsistent with the scope of Dr. Cloak's medical opinions about plaintiff's limitations in interacting with supervisors. That medical opinion is uncontradicted (except for possible interpretations of the same doctor's earlier commentary), and should have been addressed directly by the ALJ.

This failure compels remand, regardless of whether Dr. Cloak's opinion is construed as contradicted or uncontradicted. An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (clear and convincing reasons must be provided to support rejection of a treating physician's ultimate conclusions).

As noted, the ALJ "generally credited" Dr. Cloak's opinions, but assessed plaintiff's RFC without accounting for the doctor's opinions about plaintiff's difficulties with supervisors. Defendant's assertions that this failure should be deemed "reasonable" because the doctor did not opine that plaintiff "reported special problems with supervisors apart from other co-workers," and because plaintiff and his friend testified that plaintiff could get along with authority figures, is unpersuasive. Response at 8. Because the ALJ omitted a significant aspect of Dr. Cloak's opinions regarding plaintiff's mental health when formulating plaintiff's RFC, this matter must be remanded.

### 2. Lay testimony

Plaintiff also assigns error to the ALJ's failure to adequately address the opinion of plaintiff's friend, Heidi Crane. This failure also compels remand.

7 - OPINION AND ORDER

At the outset of this analysis, this court rejects defendant's position that "[u]nder Defendant's regulations, to which the Court must defer, the ALJ was not required to do more than show he considered Ms. Crane's statements." Response at 11 (citations omitted).

In determining whether a claimant is disabled, an ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Such testimony is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ electing to disregard the testimony of a lay witness must do so by providing reasons "that are germane to each witness." *Id.* These germane reasons must also be specific. *Stout*, 454 F.3d at 1054 (explaining that the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

Crane completed a Third Party Function Report. Tr. 135-42. In the Report Crane testified that plaintiff's condition affects his ability to communicate, Tr. 136, that he lacks energy, does not want to go out, and hides in his room, Tr. 139, becomes upset or frustrated with others easily, Tr. 140, and does not handle stress well. Tr. 141.

The ALJ acknowledged this testimony, but discounted it because Crane is "not knowledgeable in the medical and/or vocational fields":

> Ms. Crane also alleges the claimant's impairments affect his sleep, memory, energy level and sociability. However, she is not knowledgeable in the medical and/or vocational fields and thus is unable to provide an objective assessment on how the claimant's impairments affect his overall abilities to perform basic work activities at various exertional levels. Accordingly, I find Ms. Crane's statement generally credible but of limited value for arriving at a determination of the claimant's overall residual functional capacity.

Tr. 14.

8 - OPINION AND ORDER

Despite finding the testimony "generally credible," the ALJ failed to give germane reasons to discount this credible testimony. Lay testimony is competent, valuable, and must be considered and addressed by an ALJ, regardless of the witness's knowledge in medical or vocational fields.

This error is not harmless, as defendant argues in the alternative, because this court cannot conclude that no reasonable ALJ – after crediting the testimony fully – would reach a different disability determination regarding plaintiff. *Stout*, 454 F.3d at 1056. This error instead also compels remand.

### 3. Other grounds for remand

This court notes that defendant conceded a "technical" error in the ALJ's mistaken conclusion that Dr. Lakhani's medical opinion should be discounted before plaintiff had not received treatment for mental health symptoms prior to the doctor's report. On remand, the medical opinions presented should be evaluated accurately and fairly.

Finally, the ALJ's reasons for discrediting plaintiff's testimony – and counsel's defense of those reasons – warrant comment. At the outset, counsel's rejection of the "clear and convincing" standard for discrediting a claimant's testimony is inconsistent with Ninth Circuit authority and is disregarded. Further, the rationalization that plaintiff should be discredited because – as the defense asserts – he sought health care "for secondary gain" is unpersuasive. The ALJ noted that plaintiff went to Virginia "to obtain mental health treatment because he was unable to obtain the treatment he wanted in Oregon," and because he "believed if he had [a bipolar disorder diagnosis], he would be able to receive services for which he presently did not qualify." Tr. 14.

9 - OPINION AND ORDER

The ALJ concluded that "[t]hese noted statements by the claimant further weaken his credibility." *Id.*

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

However, once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," the ALJ must provide "clear and convincing" reasons for finding a claimant not credible absent a finding of malingering. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza*, 50 F.3d at 750 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)). In determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility evaluation," such as a reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Id.*; *see also Light v. Commissioner*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ may not, however, make a negative credibility finding solely because the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

Plaintiff's desire to obtain proper diagnoses that might lead to him receiving the treatment that he believes he needs is an insufficient reason to discredit his testimony. Upon remand, plaintiff's testimony should be evaluated fully and fairly.

10 - OPINION AND ORDER

**REMAND**

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). The issues presented here compel a remand under sentence four. The decision whether to remand under sentence four for either further proceedings, or for the immediate payment of benefits, is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). It is appropriate to remand for further proceedings in a case in which the ALJ has failed to articulate an acceptable reason for discrediting a claimant's testimony, and adequate findings remain necessary for determining eligibility for disability benefits. *Light*, 119 F.3d at 793.

This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful. Upon remand, the ALJ shall address all evidence presented in accordance with the standards identified above.

**CONCLUSION**

The decision of the Commissioner regarding David L. Anderson is REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this _3_ day of May, 2011.

ANCER L. HAGGERTY
United States District Judge

11 - OPINION AND ORDER